IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL STEVEN BONILLA,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:15-cr-352-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Before the court is Defendant Michael Steven Bonilla's pro se Motion to Appoint Counsel (ECF No. 71). Mr. Bonilla requests assistance in filing an action under 18 U.S.C. § 3582(c)(2). The court denies this motion because the right to appointment of counsel does not extend beyond a direct appeal from Mr. Bonilla's conviction. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008). Therefore, there is no right to appointment of counsel for a motion under § 3582(c)(2). United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015).

While Mr. Bonilla only moves for appointment of counsel, it is clear from his letter that the relief he really seeks is a reduction of his sentence under § 3582(c)(2). Given how long his motion has been pending, the court will consider for itself whether Mr. Bonilla is entitled to a sentence reduction under § 3582(c)(2). See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Section 3582(c)(2) permits the court to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

1

lowered by the Sentencing Commission. In Hughes v. United States, 138 S. Ct. 1765 (2018), the Supreme Court extended the application of this statute to a prisoner who entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) ("Type-C agreement"), which permits the government and the defendant to agree to a specific sentence or sentencing range. The Court held that when a sentence imposed under a Type-C agreement is based on a guideline range that is later reduced by a retroactive amendment, the court may reduce the defendant's sentence under § 3582(c)(2). Id. at 1778.

The court understands why Mr. Bonilla sees parallels between his case and that of Mr. Hughes. Both Mr. Bonilla and Mr. Hughes entered into a Type-C plea agreement under which they pled guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of a firearms charge. Id. at 1773. Both were sentenced to a term of imprisonment of 180 months. Id. at 1774.

But there are crucial differences between the cases. First, Mr. Bonilla was sentenced on May 25, 2016—nearly two years after Amendment 782, which lowered the base offense level by two levels for most drug offenses, went into effect. See id.; USSG App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016) (effective date of Nov. 1, 2014). Mr. Bonilla's plea agreement, unlike that of Mr. Hughes, was therefore based on the revised sentencing guidelines.

Moreover, Mr. Hughes pled guilty to a felon in possession charge in violation of 18 U.S.C. § 922(g), a charge that does not carry a mandatory minimum sentence. Hughes, 138 S. Ct. at 1773. In contrast, Mr. Bonilla pled guilty to a violation of 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. This count carries a 60-month mandatory minimum sentence, 18 U.S.C. § 924(c)(1)(A)(i), a sentence which must run consecutively to any other term of imprisonment, 18 U.S.C. § 924(c)(1)(D)(ii).

2

Mr. Bonilla's charge of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) also required a mandatory minimum sentence: a term of imprisonment of at least 120 months. 21 U.S.C. § 841(b)(1)(A)(viii). Accordingly, the court was required to impose a minimum sentence for the two counts of at least 180 months.[1] This was the sentence that Mr. Bonilla received. (See Judgment, ECF No. 60.)

Therefore, even if an amendment retroactively lowered the guideline range for Mr. Bonilla's methamphetamine distribution charge, the court would not have the authority to reduce his sentence below 180 months. See United States v. Lagunas, 309 F. App'x 265, 266 (10th Cir. 2009) (affirming that the district court had no authority to sentence a defendant below the statutory mandatory minimum); USSG §1B1.10, cmt. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) … if … the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

For the foregoing reasons, Mr. Bonilla's motion for appointment of counsel and his motion (as liberally construed by the court) for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) are both DENIED.

---

[1] There are two significant exceptions that allow for a departure from a mandatory minimum sentence that are found in 18 U.S.C. § 3553(e) (for substantial assistance) and § 3553(f) (known as the safety valve), but neither exception is applicable to Mr. Bonilla. (See Statement of Reasons, ECF No. 61 (listing no exceptions to imposition of mandatory minimum).)

SO ORDERED this 1st day of September, 2023.

> BY THE COURT:
>
> _____
> TENA CAMPBELL
> United States District Judge

4